UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**KEVIN OKUM**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 5:25-CV-P92-JHM**

**COMPREHENSIVE CORRECTIONAL CARE** *et al.*  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kevin Okum initiated the instant *pro se* 42 U.S.C. § 1983 civil-rights action. Upon consideration of Plaintiff's application to proceed without prepayment of fees, **IT IS ORDERED** that the application (DN 3) is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

**I.**

Plaintiff Kevin Okum was previously incarcerated at Christian County Jail (CCJ). Plaintiff sues Comprehensive Correctional Care ("CCC"), also known as 3C Healthcare; Christian County Jail (CCJ); and the Christian County Judge-Executive in his official capacity.

Plaintiff makes the following allegations in the complaint:

> [CCJ] did not force [CCC] staff working inside [CCJ] to provide appropriate, effective timely treatment [to Plaintiff]. They dismissed and hung up on several of plaintiffs family members calling to demand they treat plaintiffs illness. CCC did not get plaintiff into medical within the 48 hour window allotted by Dept. of Corrections. It instead took 8-10 days resulting in severe bacterial ear infection, pain, swollen face, [and] irreversible hearing loss. . . .

> Irreversible hearing loss in right ear as a result of severe bacterial infection that went untreated for almost 10 days with no justification. Sick call was submitted on the jail kiosk system within the appropriate time frame. Plaintiff had to have family members . . . call up to the jail and demand to have medical treatment provided to me without delay. Medical department (Morian and Megan) hung up on my family numerous times without taking into consideration the seriousness of the infection.

Captain Wesley Campbell failed to enforce the medical dept to provide appropriate care in a timely manner. On the 10th day I was brought to medical and the nurse couldn't even get the scope into my ear to see it was so inflamed. Plaintiffs face was red and swollen, with blood in small amounts on plaintiffs pillow/sheets on bed from severe inflammation and infection going untreated for so long. The only Deputy at [CCJ] to actually care and seek medical attention was Deputy Blick.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Moreover, although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As a jail, Defendant CCJ is not an entity subject to suit under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Christian County is the proper Defendant. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Similarly, Plaintiff's official-capacity claim against the Christian County Judge-Executive is also actually against Christian County. *See Kentucky v. Graham*, 473 U.S. 159, 166, (1985) ("Official capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

Neither a municipality nor a county can be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality or county and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality or county under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*,

454 U.S. 312, 326 (1981) (citation omitted)). Moreover, this same standard applies to a § 1983 claim against an ostensibly privately contracted entity such as Defendant CCC. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996); *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

Here, Plaintiff's allegations do not show that he suffered any constitutional injury due to a policy or custom of either Christian County or Defendant CCC. Instead, Plaintiff alleges circumstances that affected him only. Thus, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

Although the Court is dismissing this action, the dismissal will be without prejudice and with leave to Plaintiff to file an amended complaint. If Plaintiff decides to file an amended complaint, he should identify the specific CCJ officers and/or CCC nurses who he alleges violated his constitutional rights, name those individuals as Defendants, sue those Defendants in their individual capacities, and state specifically how each allegedly violated his constitutional rights. *See Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

**IT IS ORDERED** that any amended complaint must be filed no later than **August 9, 2025**.

The **Clerk of Court is DIRECTED** to place this case number and the word "Amended" on a § 1983 prisoner complaint form and send it to Plaintiff, along with three summons forms, should Plaintiff choose to amend the complaint.

### IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: July 9, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011

4